UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 5-43-B-W |
| | ) |
| HERBERT F. WARRENDER, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION
ON AMENDED MOTION TO SUPPRESS**

Defendant Herbert F. Warrender has moved to suppress all evidence and any statements made by him during an incident that occurred at his home on December 2, 2003. Warrender claims that the police made a "warrantless" entry into his home when they entered to arrest him pursuant to an federal arrest warrant issued by the District of Connecticut for alleged supervised release violations. I held a telephone conference with counsel on May 30, 2006. Both counsel agreed that the defendant's memorandum in support of the motion to suppress contained all of the facts necessary for resolution of this motion. The Government and defendant's counsel agreed that for the limited purpose of resolving this motion I could adopt those facts as established and that no hearing was necessary. I now recommend the court **deny** the amended motion to suppress.

**Proposed Findings of Fact**

This investigation began on November 26, 2003, when two U.S. Marshals apparently received a federal arrest warrant for Mr. Warrender from the District of Connecticut for alleged supervised release violations. Between November 26 and December 1, the marshals confirmed

Mr. Warrender's residence in a trailer park in Hampden, Maine. On December 1, 2003, the marshals began surveillance of the residence. On December 2, 2003, the marshals drove past and further confirmed Mr. Warrender's presence at the residence by identifying his vehicle in the dooryard.

Instead of seeking a search warrant, the two marshals requested and received assistance from at least one officer of the Hampden Police Department. All three officers then returned to Mr. Warrender's residence and surrounded the trailer. When two of the officers approached from the front of the residence, they witnessed Mr. Warrender observe them through the kitchen window, at which point Mr. Warrender then ran for the back of the trailer. The officers entered the residence and arrested Mr. Warrender.

The marshals knew of Mr. Warrender's residence for six days prior to the search. The officer's knew that the success of a simple knock and talk would be unlikely, as evidenced by the fact that backup was requested by the marshals. The officers knew that Mr. Warrender might flee because they stationed an officer at the back of the residence. The officers had reason to believe that Mr. Warrender had established a permanent residence. They had observed his vehicle in the dooryard.

As a result of and immediately following that illegal search, police questioned Michelle Wilson, Mr. Warrender's girlfriend, who also resided at the residence. Ms. Wilson told a marshal there was a gun concealed at the residence. When the marshal asked if she would retrieve the firearm and allow him to accompany her, Ms. Wilson consented. At the scene, Mr. Warrender was read Miranda and confessed that he had possessed the firearm.

## Discussion

The law enforcement officers who entered the defendant's residence had a valid warrant

for the defendant's arrest. That fact is not disputed.  The arrest warrant itself is enough to authorize entry into the defendant's residence to effectuate his arrest. See Payton v. New York, 445 U.S. 573, 602-03 (1980) ("If there is sufficient evidence of a citizen's participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law. Thus, for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within."); United States v. Weems, 322 F.3d 18, 22 (1st Cir. 2003)("If Weems effectively lived at 11 Padelford, the arrest warrant itself would be enough to authorize entry into his residence to effectuate his arrest.").

There is no dispute that there was a valid arrest warrant for Warrender and Warrender, by his own statement of fact, concedes that the officers believed he had established his permanent residence at the Hampden trailer.  There is no basis set forth in this motion to suppress the firearm or statements.

## Conclusion

Based upon the foregoing, I recommend the court **deny** the pending amended motion to suppress.[1]

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

---

[1] Defendant's counsel has filed a motion seeking leave to file a new motion, alleging new and additional grounds, without elaboration.  If, and when a new motion is filed, that motion can be addressed on its merits.


4

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 5, 2006